UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY STEINER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASSET ACCEPTANCE, LLC,<br><br>　　　　　Defendant. | CASE NO. C19-0271-RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

## I.　INTRODUCTION

This matter comes before the Court on Defendant Asset Acceptance, LLC's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), Dkt. #18. Plaintiff Terry Steiner opposes Defendant's Motion in entirety. Dkt. #24. The Court finds oral argument unnecessary to resolve the underlying issues. For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

## II.　BACKGROUND

Plaintiff brings this action against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Washington Consumer Protection Act ("CPA"), RCW 19.16.

On June 18, 2004, Defendant obtained a judgment against Plaintiff's brother, Mr. David Steiner, in Whatcom Superior Court, and duly recorded the judgment on June 30, 2004. Dkt. #1 at ¶¶ 15-16. The judgment totaled $6,802.76 with an interest rate of twelve percent. Dkt. #1-1 at 1. Nearly ten years later, on April 11, 2014, Defendant obtained an order granting a petition for renewal of judgment for the total amount of $13,529.09. Dkt. #1-2 at 2. Defendant duly recorded the order on May 22, 2015. Dkt. #1 at ¶ 16. On January 2, 2018, Mr. Steiner passed away intestate and Plaintiff Terry Steiner was appointed administrator of his estate. *Id.* at ¶¶ 17-18.

On or about September 4, 2018, Plaintiff sold Mr. Steiner's property. *Id.* at ¶¶ 20-21. Because of Defendant's judgment lien against Mr. Steiner's estate, the Chicago Title Company of Washington ("Chicago Title") withheld $28,000 of the proceeds from the sale of Mr. Steiner's former home. Dkt. #1-7 at 1. Plaintiff claims that she offered Defendant $5,000 to release the lien on Mr. Steiner's estate. In response, Defendant sent Plaintiff a letter dated September 21, 2018 stating that a higher dollar amount was required to release the lien and that it needed to receive the funds by October 18, 2018 to begin the release process. Dkt. #1-8.

After Defendant rejected Plaintiff's offer to pay $5,000 for release of the lien, Plaintiff's counsel provided a letter to Defendant stating that the judgment could not be lawfully executed against the proceeds from the sale of Mr. Steiner's former home. Dkt. #1-9. Plaintiff's counsel continued to request release of the lien on the basis that because of Washington's homestead laws, Defendant never possessed a judgment lien on Mr. Steiner's property. *See* Dkt. #1 at ¶¶ 22-31. On February 25, 2019, after unsuccessful attempts by Plaintiff's counsel to obtain release of the lien, Plaintiff filed this action in the U.S. District Court for the Western District of Washington. Plaintiff claims that by attempting to collect on its judgment through the proceeds from the sale of Mr. Steiner's home, Defendant violated both the FDCPA and the CPA. Dkt. #1 at 9-12.

On May 29, 2019, Defendant moved to dismiss Plaintiff's complaint with prejudice under Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff has failed to state a claim.

### III. DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

Defendant moves to dismiss Plaintiff's claims under the FDCPA and the CPA on several grounds: (1) As a matter of law, the Washington homestead exemption does not apply to proceeds from the sale of Mr. Steiner's estate; (2) even if the exemption applied, the homestead was presumed abandoned and can no longer claim the exemption; (3) Defendant has not enforced the judgment, and third-party Chicago Title—not Defendant—maintains control over the sale proceeds; (4) Defendant has not engaged in any "collection activity" as defined under the FDCPA or the CPA; and (5) Plaintiff's claims are barred by the statute of limitations for the FDCPA and the CPA. The Court finds that as a matter of law, the homestead exemption does not apply to

proceeds from the sale of Mr. Steiner's estate. Because Plaintiff's inability to claim Washington's homestead exemption is a dispositive issue, it is unnecessary for the Court to address the remaining four grounds for dismissal.

### B. The Washington State Homestead Exemption

Plaintiff's claims under the FDCPA and CPA assume that Defendant had no valid judgment lien on Mr. Steiner's homestead at the time of his death and, as a result, Defendant now demands money to which it is not entitled. *See* Dkt. #24 at 2. As a matter of law, Defendant maintained a lien on Mr. Steiner's property at the time of his death, and the homestead exemption did not apply to proceeds from the property's sale. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

#### 1. Attachment of Judgment Liens to Real Property

Under Washington state law, a lien automatically attaches to the real estate of any judgment debtor upon filing of the judgment with the applicable county clerk. RCW 4.56.190; RCW 4.56.200. The state's "homestead exemption" carves out an exception to this rule by protecting up to $125,000 of a homestead's value from judgment enforcement. RCW 6.13.030, 6.13.090. For that reason, a homestead is exempt from attachment and from execution or forced sale for an owner's debts "up to the amount specified in RCW 6.13.030." RCW 6.13.070. In 2007, the Washington state legislature raised the homestead exemption from $40,000 to $125,000. *In re Longey*, No. 07-43562, 2008 WL 2074041, at *1 (Bankr. W.D. Wash. May 14, 2008). Because the 2007 amendment applies retroactively to judgment liens, Mr. Steiner's homestead was entitled to a $125,000 homestead exemption as of 2007. *Id.* at *3 ("[A]pplication of the homestead amendment does *not* nullify the Judgment Lien. The Judgment Lien Creditors retain their Judgment Lien, but the value of the lien has been reduced.") (emphasis in original).

Here, Plaintiff does not dispute entry of the 2004 judgment against Mr. Steiner nor Defendant's recording of the judgment. Dkt. #1 at ¶ 15. Likewise, Plaintiff does not dispute the renewal of Defendant's judgment against Mr. Steiner in 2014 to extend the ten-year period for the judgment to run in accordance with RCW 6.17.020(3). *Id.* at ¶ 16. Rather, Plaintiff contends that Defendant had no judgment lien on Mr. Steiner's homestead at the time of his death, because "no judgment lien arises until the sales proceeds from the sale of the homestead real estate exceeds the RCW § 6.13 $125,000 homestead exemption . . . ." Dkt. #1-9 at 2; *see also* Dkt. #24 at 2 (Arguing that Defendant "never possessed a judgment lien" against Mr. Steiner because of the homestead exemption).

Plaintiff's argument that Defendant never possessed a valid lien on Mr. Steiner's estate relies on case law that preceded the 1984 amendments to Washington's homestead statutes. *See* Dkt. #24 at 4, 6-7. Before the 1984 amendments, the Washington Supreme Court held that merely recording a judgment did not create a lien on the excess value of a homestead property. *Mahalko v. Arctic Trading Co., Inc.*, 659 P.2d 502, 504–05 (Wash. 1983). Rather, the creditor needed to appraise a property's value to determine if the homestead's value exceeded the exemption amount. *Id.* Under this framework, the creation of a judgment lien depended on whether the homestead's value exceeded the exemption amount at the time of recording to determine whether the lien could attach. *Aronson v. Murk*, 406 P.2d 607, 610 (Wash. 1965). Pursuant to this framework, Plaintiff argues, Defendant never possessed a valid lien on Mr. Steiner's property— it "only had a general unsecured claim" that required it to file a claim in Mr. Steiner's estate pursuant to RCW 11.40.070. *Id.* at 5.

Plaintiff's argument misconstrues how the homestead exemption operates under current Washington law. In 1984, the state legislature amended the homestead statutes by enacting RCW

6.13.090, which states that properly recording a judgment immediately creates a lien on the excess value of homestead property:

> A judgment against the owner of a homestead shall become a lien on the value of the homestead property in excess of the homestead exemption from the time the judgment creditor records the judgment with the recording officer of the county where the property is located.

RCW 6.13.090. This amendment superseded the holdings in *Mahalko* and *Aronson* that required both recording and appraisal to create a lien on the excess value of a judgment debtor's homestead property. *Matter of Deal*, 933 P.2d 1084, 1087 (Wash. Ct. App. 1997). Under RCW 6.13.090, a lien created on a homestead's excess value operates like a second mortgage on a property—the lien is for a certain amount, but its actual value is limited by the value of the property in excess of the first mortgage, i.e. the homestead exemption. *Wilson Sporting Goods Co. v. Pedersen*, 886 P.2d 203, 206–07 (Wash. Ct. App. 1994). Because the value of a judgment lien under RCW 6.13.090 inevitably varies over time, a creditor is not required to continuously appraise a property's value to determine the point at which its lien attaches. Rather, the lien entitles the creditor to the surplus equity—if any—that accrues on the homestead between the lien's creation and its execution, at which point the lien's validity must be evaluated. *In re Anderson*, 378 B.R. 296, 301 (Bankr. W.D. Wash. 2007) (Time to determine value of homestead property and thereby the validity of judgment lien was when debtors filed bankruptcy petition); *see also In re DeLavern*, 337 B.R. 239, 241 (Bankr. W.D. Wash. 2005) (Validity of judgment lien was determined when debtors sought appraisal to refinance home). Until execution, however, a valid lien is created on the value of the property in excess of the exemption once the creditor properly records the judgment. *See* RCW 6.13.090.

Here, Mr. Steiner's house was listed at $75,000 and sold for $70,000 in September 2018. Dkt. #1 at ¶ 20. Plaintiff argues that under RCW 6.13.090, a recorded judgment "only becomes a

judgment lien" once the value of the homestead exceeds the $125,000 exemption. Dkt. #13 at 11 (Plaintiff's motion for summary judgment). Plaintiff's argument contradicts the plain language of RCW 6.13.090, which confirms that Defendant created a lien on Mr. Steiner's property when it recorded the original judgment and re-recorded the renewed judgment in Whatcom County in 2005 and 2015, respectively. *See* Dkt. #1 at ¶¶ 15-16. Plaintiff's contention that Defendant "never possessed a lien" on Mr. Steiner's property ignores the distinction created by the 1984 homestead amendments between *creation* of the judgment lien under RCW 6.13.090 and appraisal of the homestead under RCW 6.13.100 to determine the lien's validity upon execution. *See Wilson Sporting Goods Co.*, 886 P.2d at 207 ("Following its policy of protecting homesteads, the Legislature has required that a determination be made that there is indeed excess value before the lien is actually executed. However, the lien created is on the property."). Defendant indisputably created the lien when it recorded the original judgment in 2005 and extended the lien when it recorded the renewed judgment in 2015. *See* Dkt. #1 at ¶¶ 15-16. As a result, Defendant maintained a lien on Mr. Steiner's property at the time of his death.

Furthermore, Defendant's lien was not extinguished when Mr. Steiner passed away. Consistent with Washington probate law, the debts of an estate—including "judgments rendered against the deceased in his or her lifetime which are liens upon real estate"—are paid after payment of the costs of administration. RCW 11.76.110(6). This provision of the probate code requires that such debts are paid before any distribution is made. *In re Estate of Ginsberg*, 136 Wash. App. 1029 (Wash. Ct. App. 2006). Although Plaintiff contends that "Defendant admitted there was no judgment lien" in an email dated November 6, 2018, Dkt. #24 at 4, the email contains no such admission from Defendant. On the contrary, the email confirmed Defendant's belief that it had a valid lien and proposed that parties allow Chicago Title to execute on the sale of the property and apply the homestead exemption according to state law. Dkt. #1-10 at 1. Given that

Defendant maintained a lien at the time of Mr. Steiner's death, Defendant is not seeking to "substantially change" its interest in Mr. Steiner's property nor enhance its financial position through the probate process. *Contra* Dkt. #24 at 4-6 (citing *In re Tr.'s Sale of Real Prop. of Whitmire*, 140 P.3d 618, 621 (Wash. Ct. App. 2006)).

Having established that Defendant maintained a valid lien on Mr. Steiner's real property at the time of his death, the Court will now address Plaintiff's ability to claim the homestead exemption for the sale of Mr. Steiner's former home.

### 2. Property Qualifying as a "Homestead" under Washington Law

Plaintiff has provided no basis for her alleged right to claim a homestead exemption for Mr. Steiner's estate. Under Washington law, a homestead is exempt "from attachment and from execution or forced sale for the debts of the owner up to the amount specified in RCW 6.13.030." RCW 6.13.070(1). RCW 6.13.010 defines a "homestead" as follows:

> [R]eal or personal property that the owner uses as a residence. In the case of a dwelling house or mobile home, the homestead consists of the dwelling house or the mobile home *in which the owner resides or intends to reside* . . . . Property included in the homestead *must be actually intended or used as the principal home for the owner*.

RCW 6.13.010(1) (emphasis added). A property owner establishes a homestead exemption in his property through one of two ways: (1) creating an automatic exemption by occupying the property as a principal residence; or (2) declaring his intent to reside at the property. RCW 6.13.040. There appears to be no dispute that Mr. Steiner used the property as his principal residence and thereby created an automatic exemption. The question before the Court is whether Plaintiff may now claim the homestead exemption for the property after Mr. Steiner's death.

Washington's homestead exemption statutes were enacted "for the purpose of providing a shelter for the family and an exemption for a home." *Bank of Anacortes v. Cook*, 517 P.2d 633, 636 (Wash. Ct. App. 1974) (citing *Clark v. Davis*, 226 P.2d 904 (Wash. 1951)). This exemption

serves as "a shield to protect the financially pressed homesteader and his or her dependents in the enjoyment of their residence." *In re Scheldt's Estate*, 536 P.2d 4, 6 (Wash. Ct. App. 1975). For that reason, after the death of a homestead's owner, the exemption only continues "for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes 21 years of age." *Scott v. Watson*, 135 P. 643, 644 (Wash. 1913) (quoting *McGee v. McGee*, 91 Ill. 548, 553 (Ill. 1879)) (internal quotations omitted).

Here, Plaintiff is Mr. Steiner's sister—not his spouse or surviving children. Dkt. #1-4 at 2. Likewise, no surviving spouse or child is listed among Mr. Steiner's heirs. *See id.* Even if the Court "liberally construed" the scope of the shield under Washington's homestead exemption statutes to include dependent siblings, nothing in Plaintiff's complaint or briefings suggests that Plaintiff or other heirs were dependents of Mr. Steiner who used his property as a home. *Cf. Lien v. Hoffman*, 306 P.2d 240, 244–45 (Wash. 1957) (Homestead exemption statutes are favored in the law and should be liberally construed). Moreover, Washington law requires that any person claiming a homestead exemption must either reside at the property or have an intent to reside there. *Nw. Cascade, Inc. v. Unique Const., Inc.*, 351 P.3d 172, 179 (Wash. Ct. App. 2015) (citing RCW 6.13.040(1)). Plaintiff has not alleged actual residence at Mr. Steiner's former home, nor has she alleged an intent to reside there. On the contrary, as administrator of the estate, Plaintiff sold Mr. Steiner's property so that the proceeds would become part of his estate for distribution. *See* Dkt. #1 at ¶5; Dkt. #24 at 6.

Furthermore, the homestead exemption does not automatically apply to voluntary sales of the homestead property. The state legislature enacted the homestead statutes to "protect by law from forced sale a certain portion of the homestead and other property of all heads of families." Wash. Const. art. XIX, § 1; *see also Nw. Cascade, Inc.*, 351 P.3d at 179. When a homestead property is voluntarily sold, the proceeds from the sale are only exempt if they are used to purchase

a new homestead for the owner within one year of the sale. RCW 6.13.070(1). Plaintiff has made clear that as administrator of Mr. Steiner's estate, she intended the proceeds from the sale of Mr. Steiner's property to revert to his estate for distribution. Dkt. #24 at 6 (Arguing that "[t]he proceeds from the sale of David [Steiner]'s estate became part of David's estate, subject to costs of administration, creditor claims with the balance to be distributed according to RCW 11.04, *et seq.*"). Accordingly, Plaintiff has provided no basis for claiming a homestead exemption for the proceeds from the sale.

For the foregoing reasons, Plaintiff's argument that Defendant was "demanding money to which it is not entitled" fails as a matter of law. Dkt. #1 at ¶36. Defendant possessed a valid lien on Mr. Steiner's real property in excess of the homestead exemption, and the homestead exemption no longer applied to Mr. Steiner's former home at the time of sale nor to the proceeds from its sale. Because Plaintiff's claims under the FDCPA and CPA are predicated on this argument, Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6). This defect cannot be cured through amendment and warrants dismissal of the case with prejudice.

### IV. CONCLUSION

Having reviewed Defendant's Motion, Plaintiff's Response, Defendant's Reply, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss, Dkt. #18, is GRANTED and this action is DISMISSED with prejudice.

DATED this 19 day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE