UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY STEINER, <br><br> Plaintiff, <br><br> v. <br><br> ASSET ACCEPTANCE, LLC, <br><br> Defendant. | CASE NO. C19-0271 RSM <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Terry Steiner's Motion for Reconsideration. Dkt. #29. On August 19, 2019, this Court granted Defendant Asset Acceptance, LLC's Motion to Dismiss and dismissed the action. Dkt. #27. Plaintiff now requests that the Court reconsider its decision. The Court has determined that response briefing from Defendant is unnecessary. *See* Local Rules W.D. Wash. LCR 7(h)(3).

## II. BACKGROUND

Plaintiff, the administratrix of Mr. David Steiner's estate, brought this action against Defendant under the Federal Debt Collection Practices Act ("FDCPA") and the Consumer Protection Act ("CPA"). The action arose out of a dispute over the withholding of $28,000 in

proceeds for the sale of Mr. Steiner's home due to a judgment lien held by Defendant against the property. Dkt. #1 at ¶ 1. Plaintiff claimed that Defendant, who had recorded a judgment against Mr. Steiner, did not maintain a lien against Mr. Steiner's home because of Washington's homestead laws. *Id.* (Arguing that "a judgment does not become a lien on homesteaded real estate until the equity in the homestead exceeds $125,000."). For that reason, Plaintiff argued, Defendant unlawfully demanded money to satisfy the lien despite having no valid lien on Mr. Steiner's property.

This Court dismissed Plaintiff's complaint on the basis that under RCW 6.13.090, properly recording a judgment immediately creates a lien on the excess value of homestead property. Dkt. #27 at 6. The Court found that by recording both the original judgment and the renewed judgment, Defendant was a valid lienholder at the time Mr. Steiner's property was sold, at which point the property was no longer subject to a homestead exemption. The Court accordingly dismissed Plaintiff's complaint.

### III. DISCUSSION

#### A. Legal Standard

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

#### B. Plaintiff's Motion

In the instant Motion for Reconsideration, Plaintiff claims that the Court should have considered the fact that Defendant needed to file a claim in probate court in order to collect on its judgment lien. Dkt. #29 at 2. Although Plaintiff describes this issue as "the lynch-pin of the case," she concedes that she never plead this claim in the original complaint. *Id.* at 8. ("The

Complaint does not allege that AA failed to file a claim in the estate as required by RCW 11.40.130 and RCW 11.40.070."). For that reason, Plaintiff moves for both reconsideration and leave to amend her original complaint.

As an initial issue, Plaintiff has improperly used this Motion as a means to raise an argument that she could have raised earlier in the litigation. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments . . . when they could reasonably have been raised earlier in the litigation.") (emphasis in original). Plaintiff originally disputed—and the Court resolved—the issue of whether Washington's homestead laws prevented Defendant from holding a lien against Mr. Steiner's property. Now, Plaintiff acknowledges Defendant's status as a "judgment lienholder," but disputes whether Defendant has taken the necessary steps during the probate process to collect on the judgment lien. Dkt. #29 at 2. This was not the original argument before the Court, and Defendant is prejudiced by its inability to respond. On this basis alone, the Court may deny Plaintiff's motion. *See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Whether or not to grant reconsideration is committed to the sound discretion of the court.").

Even if the Court considered Plaintiff's argument, it does not change the Court's analysis that Plaintiff has failed to state a claim under the FDCPA and CPA. Plaintiff originally claimed that Defendant had "demanded money to which it was not entitled" due to the homestead exemption. Dkt. #24 at 7. Now, Plaintiff acknowledges that Defendant is a judgment lienholder but disputes whether it took the proper steps under Washington's probate law to collect from Mr. Steiner's estate. Dkt. #29 at 2 (citing RCW 11.40.130 and RCW 11.40.070). Whether Defendant complied with RCW 11.40 to bring its claims against the estate falls under Washington state probate law—not debt collection laws. *See, e.g.*, 15 U.S.C. § 1692 *et seq.* (FDCPA imposes civil

liability on debt collectors for prohibited debt collection practices). Consequently, Plaintiff has still failed to state a claim under the FDCPA and CPA.

### IV. CONCLUSION

Having reviewed Plaintiff's Motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Reconsideration (Dkt. #29) is DENIED.

DATED this 26th day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE