UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY STEINER,<br><br>                Plaintiff,<br><br>    v.<br><br>ASSET ACCEPTANCE, LLC,<br><br>                Defendant. | CASE NO. C19-0271-RSM<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Terry Steiner's Second Motion for Reconsideration. Dkt. #31. On August 19, 2019, this Court granted Defendant Asset Acceptance, LLC's Motion to Dismiss and dismissed the action with prejudice. Dkt. #27. Plaintiff moved the Court to reconsider its decision, and on September 26, 2019, the Court denied Plaintiff's First Motion to Reconsider. Dkt. #30. Plaintiff now requests that the Court again reconsider its decision. Dkt. #31. The Court has determined that response briefing from Defendant is unnecessary. *See* Local Rules W.D. Wash. LCR 7(h)(3).

## II.    BACKGROUND

A full summary of the case is not necessary given this Court's previous order on Plaintiff's first motion to reconsider. *See* Dkt. #30. Plaintiff brought this action against Defendant under

the Federal Debt Collection Practices Act ("FDCPA"), Washington Consumer Protection Act ("CPA") and related Washington state law on the basis that Defendant was demanding money from decedent David Steiner's estate to which it was not entitled. Dkt. #1 at 9-11. Plaintiff argued that Washington law governing the creation of liens on homestead property, RCW § 6.16.030, prevented Defendant from having any claim to Mr. Steiner's estate:

> Under RCW § 6.16.030, a judgment does not become a lien on homesteaded real estate until the equity in the homestead exceeds $125,000. David's homestead sold for$70,000. AA now demands that its judgment be satisfied from the proceeds of the sale of David's homestead before it will release the judgment lien.

Dkt. #1 at 2. Plaintiff moved for summary judgment on this same theory of the case:

> Under Washington State law, a judgment does not become a lien on homestead real estate until it is recorded with the local county's auditor's office and the equity in the real estate exceeds the amount of the homestead of $125,000. . . . Because the value of David Steiner's real estate never exceeded $125,000, AA never obtained a judgment lien on his real estate.

Dkt. #13 at 11-12. In dismissing Plaintiff's claims, the Court determined that Plaintiff's reading of RCW § 6.16.030 was based on outdated case law that preceded the 1984 amendments to Washington's homestead statutes. Dkt. #30 at 7. Current law confirmed that Defendant indeed created a lien when it recorded its judgment against Mr. Steiner and therefore had a claim against the estate. *Id.*

In Plaintiff's First Motion to Reconsider, she abandoned her original homestead exemption argument. Instead, she argued that the Court should have considered the fact that Defendant never filed a claim in probate court to collect on its judgment lien, as required under RCW 11.40. Dkt. #29 at 2. Plaintiff described this probate issue as "the lynch-pin of the case" but conceded that she never plead the claim in her original complaint. *Id.* at 8. The Court denied Plaintiff's motion for reconsideration on the basis that it improperly used the motion to raise a new argument that could have been raised earlier. Dkt. #30 at 3. Nevertheless, the Court

considered the merits of Plaintiff's argument and found that even if the argument were timely raised, Plaintiff had still failed to state a claim under the FDCPA or CPA. *Id.* at 3-4 ("Whether Defendant complied with RCW 11.40 to bring its claims against the estate falls under Washington state probate law—not debt collection laws.").

Plaintiff's Second Motion for Reconsideration sets forth the same argument regarding application of Washington's probate law. However, instead of characterizing Defendant's claim as a "judgment lien," Dkt. #29 at 4, she now argues that Defendant only had an unsecured claim— not a judgment lien—against Mr. Steiner's estate:

> "[T]he legislature in RCW 11.040.130 of the probate code converted whatever judgment lien rights AA might have into an unsecured claim against David Steiner's probate estate that required it to file a claim. It did not file a claim (Doc. 24-2). AA's failure to file denied it the right to participate in the estate's assets, which are the homestead.

Dkt. #31 at 3-4.

### III. DISCUSSION

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

Again, Plaintiff has improperly used a motion for reconsideration to argue a theory of the case that she could have presented earlier. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). ("A Rule 59(e) motion may *not* be used to raise arguments . . . when they could reasonably have been raised earlier in the litigation.") (emphasis in original). Plaintiff's Second Motion for Reconsideration asks the Court to reconsider whether Defendant took the proper steps under Washington probate law to collect on its claim against Mr. Steiner. Dkt. #31 at 2 ("David Steiner's death converted AA's recorded judgment into an unsecured claim

that had to be filed in his estate. By its failure to file a claim, AA lost any right to compensation from David Steiner's assets."). Again, Plaintiff's argument that Defendant needed to present its claim in probate is a total revision to Plaintiff's original argument: that Defendant had no claim against Mr. Steiner's estate to begin with because of Washington's homestead laws.

Even if the Court considered Plaintiff's argument timely, it would not change the outcome of this case for the same reasons discussed in this Court's previous order. *See* Dkt. #30 at 3-4. This dispute arose when a third-party title company held back a portion of the proceeds from the sale of Mr. Steiner's estate "to cover any claim that might arise from the AA judgment lien." *Id.* at ¶ 21. Defendant offered to settle the debt for $5,100 so the third party may release the holdback, but Plaintiff's counsel refused. *Id.* at ¶ 31. Regardless of how Plaintiff chooses to characterize the debt, *compare* Dkt. #29 ("judgment lien") *with* Dkt. #31 ("unsecured claim"), a valid debt nevertheless exists. By claiming that Defendant tried to negotiate a settlement of this valid debt, Plaintiff has failed to state a claim under the FDCPA or CPA that Defendant engaged in unfair or deceptive debt collection practices.

## IV. CONCLUSION

Having reviewed Plaintiff's Motion, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Second Motion for Reconsideration, Dkt. #31, is DENIED. No further motions for reconsideration shall be filed in this closed case.

DATED this 21 day of October 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE